UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| RAYMOND P. HEALY, } <br> ON BEHALF OF HIMSELF AND } <br> ALL OTHERS SIMILIARLY SITUATED, } <br> } <br> Plaintiff, } <br> v } <br> } <br> TRANSWORD SYSTEMS INC. AND, } <br> } <br> Defendants. } | Civil Action, File No. <br> 2:17-cv-07102-SJF-GRB |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Raymond Healy [hereinafter "Healy"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Transworld Systems, Inc. ("Transworld"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Transworld's regular transaction of business within this district. Venue in this district also is proper based on Transworld possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Transworld also derives substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Healy is a natural person who resides at 77 Cedarhurst Avenue, Selden, NY 11784.

6. Healy is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about July 10, 2016, Transworld sent Healy the letter annexed as Exhibit A. Healy received and read Exhibit A. For the reasons set forth below, Healy's receipt and reading of Exhibit A deprived Healy of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, Transworld sent Exhibit A to Healy in an attempt to collect a past due debt.

9. Based upon Exhibit A referencing Stony Brook Pathologists, Exhibit A setting forth Raymond P as the "Patient", and upon Transworld, via Exhibit A, having attempted to collect this past due debt from Healy in his individual capacity, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Transworld is a California Domestic Corporation and a New York Foreign Corporation with a principal place of business of 500 Virginia Drive, Ste. 514, Ft. Washington, PA 19034.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Transworld possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. On Exhibit A, Transworld identifies itself as a "debt collector" and as a "collection agency"

attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt' or in connection with the collection of a "debt".

13. Based upon Exhibit A and upon Transworld possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of Transworld is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

14. Based upon the allegations in the above three paragraphs, Transworld is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

16. Exhibit A does not label any entity as the "creditor".

17. Exhibit A does not label any entity as Transworld's "client".

18. Exhibit A does not label any entity as the "owner" of the debt.

19. Exhibit A does not set forth the name of the entity that has a right to receive payment of the debt or on whose behalf Transworld was acting to attempt to collect the debt.

20. Exhibit A instructs Healy to make payment to "Transworld Systems Inc. – KGPORT.

21. Exhibit A sets forth that Stony Brook Pathologists is the "Facility", but does not label or set forth that Stony Brook Pathologists is Transworld's "client", does not label or set forth that Stony Brook Pathologists is the "creditor", and does not label or set forth that Transworld was attempting to collect the debt on behalf of Stony Brook Pathologists

22. Based on one or more of the above allegations, to the "least sophisticated consumer", Exhibit A did not identify in any manner or did not clearly or properly identify the "creditor" and/or entity to whom the debt currently is owed or on whose behalf Transworld was attempting to collect the debt.

23. Based on the above, Transworld violated 15 USC § 1692g(a)(2), 15 USC § 1692e, and 15 USC § 1692e(10) by sending Exhibit A to Healy.

## SECOND CAUSE OF ACTION-CLASS CLAIM

24. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

25. Exhibit A sets forth a "Total Balance" of $59.30.

26. Exhibit A does not set forth that the "Total Balance" of $59.30 may increase due to interest, late charges, and/or other charges.

27. Since Exhibit A does not set forth that the "Total Balance" of $59.30 may increase due to interest, late charges, and/or other charges, "the least sophisticated consumer" could read Exhibit A as meaning that the "Total Balance" of $59.30 was static and that their payment of $59.30 would satisfy the debt irrespective of when the payment was remitted.

28. NY CPLR 5001(a) provides as follows:

    "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion."

29. "[A]n award of pre-decision or pre-verdict interest pursuant to CPLR 5001 on a damages award on a cause of action to recover damages in quantum meruit is mandatory, as it would be on a damages award on a cause of action to recover damages for breach of contract

(*citations omitted*)". <u>Tesser v. Allboro Equip. Co.</u>, 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010) and <u>Lee v. Joseph E. Seagram & Sons, Inc.</u>, 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

30. Healy owed this past due debt under a theory of contract or quantum meruit and therefore NY CPLR 5001 is applicable to the past due debt set forth in Exhibit A.

31. NY CPLR 5001(b) provides as follows:

> "Interest shall be computed from the earliest ascertainable date the cause of action existed…"

32. Based on the debt being undisputed and the nature of the debt and the date of default, as regards the past due debt set forth in Exhibit A, the creditor had a guaranteed right to interest on the "Total Balance" of $59.30 from the date of Exhibit A or an earlier date. NY CPLR 5001 (a) and (b), <u>Tesser v. Allboro Equip. Co.</u>, 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010) <u>Leroy Callender, P.C. v. Fieldman</u>, 676 N.Y.S.2d 152,154, 252 A.D.2d 468 (N. Y. A. D. 1 Dept., 1998), and <u>Lee v. Joseph E. Seagram & Sons, Inc.</u>, 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

33. Based on the above, the "Total Balance" of $59.30 set forth in Exhibit A was not static. Instead, interest was in fact accruing and owed on the "Total Balance" of $59.30 set forth in Exhibit A from the date of Exhibit A or earlier than the date of Exhibit A.

34. On and after the date of Exhibit A, the creditor or any assignee or successor-in-interest possessed the legal right to sell, transfer or assign the account/debt identified in Exhibit A.

35. On and after the date of Exhibit A, any assignee or successor-in-interest could take the steps required to seek the interest that accumulated after Exhibit A was sent but before the "Total Balance" of $59.30 set forth in Exhibit A was paid.

36. On and after the date of Exhibit A, the creditor possessed the legal right to terminate Transworld as its debt collector

37. Subsequent to any such aforementioned termination, the creditor could take the steps required to seek the interest that accumulated after Exhibit A was sent but before the "Total Balance" of $59.30 set forth in Exhibit A was paid.

38. For the above reasons, at any time after the date of Exhibit A, the "Total Balance" from Healy and/or the "Total Balance" sought from Healy may have increased due to the aforementioned accrued interest.

39. Based on the above, since Exhibit A does not explain whether interest is accruing, did not set forth what Healy would need to pay to resolve the debt at any given moment in the future, did not set forth an explanation of any interest that would cause the "Total Balance" of $59.30 to increase, and/or did not set forth that the "Total Balance" of $59.30 may increase due to interest, Defendant violated 15 USC § 1692e and 15 USC § 1692g(a)(1) by sending Exhibit A to Healy.

## THIRD CAUSE OF ACTION-CLASS CLAIM

40. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

41. Exhibit A sets forth a "Total Balance" of $59.30.

42. Upon information and belief, any "Total Balance" resulted from an agreement between Healy and the creditor; and this agreement was set forth in and formed via a contract, a set of terms and conditions, and/or account statements.

43. Upon information and belief, pursuant to the aforementioned agreement, interest, late charges, and/or other charges continued to accrue and continued to be owed to the

creditor on any "Total Balance" due but unpaid to the creditor.

44. Pursuant to the aforementioned agreement, the creditor and any assignee or successor-in-interest had a legal right at any time to collect from Healy the aforementioned interest, late charges, and/or other charges which had continued to accrue and continued to be owed to the creditor on any "Total Balance" due but unpaid to the creditor and any assignee or successor-in-interest.

45. The aforementioned right to collect from Healy the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Balance" is not waived by the creditor or any assignee or successor-in-interest as a result of a failure by either the creditor and any assignee or successor-in-interest at any point in time to attempt to collect from Healy the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Balance".

46. Neither the creditor or any assignee or successor-in-interest ever sent Healy a written communication that they waived the aforementioned right to collect from Healy the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Balance".

47. On and after the date of Exhibit A, the original creditor or any assignee or successor-in-interest possessed the legal right to sell, transfer, or assign the account/debt identified in Exhibit A.

48. The entity to which the account/debt identified in Exhibit A was sold, transferred, or assigned had the right collect the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Balance".

49. On and after the date of Exhibit A, the creditor possessed the legal right to terminate

Transworld as its debt collector.

50. Upon such termination, the creditor, through its own efforts or the efforts of a different debt collector, had the right collect the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Balance".

51. On and after the date of Exhibit A, the creditor had the right to instruct Transworld to seek from Healy the aforementioned accrued interest, late charges, and/or other charges in addition to any "Total Balance".

52. For the above reasons, at any time after the date of Exhibit A, the "Total Balance" from Healy and/or the "Total Balance" sought from Healy may have increased due to the aforementioned accrued interest, late charges, and/or other charges.

53. Notwithstanding the above, Exhibit A did not explain whether interest, or new fees or costs are accruing; and Exhibit A did not set forth what Healy would need to pay to resolve the debt at any given moment in the future, and did not set forth an explanation of any fees and interest that would cause the "Total Balance" of $59.30 to increase.

54. Exhibit A also failed to notify Healy that his "Total Balance" may increase due to the aforementioned accrued interest, late charges, and/or other charges.

55. For the above reasons, as a result of the aforementioned omission(s) from Exhibit A, Defendant violated 15 USC § 1692e and 15 USC § 1692g(a)(1) by sending Exhibit A to Healy.

## FOURTH CAUSE OF ACTION-CLASS CLAIM

56. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

57. On Exhibit A, the statement "Contact Jamie Allen at TRANSWORLD SYSTEMS INC."

appears immediately following the 15 USC § 1692g notice; and therefore overshadows the 15 USC § 1692g notice.

58. For the reason set forth above and other reasons, as a result of sending Exhibit A to Healy, Transworld violated 15 USC 1692g.

## FIFTH CAUSE OF ACTION-CLASS CLAIM

59. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

60. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## SIXTH CAUSE OF ACTION-CLASS CLAIM

61. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

62. Exhibit A amounted to an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

## CLASS ALLEGATIONS

63. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

64. The classes consist of:

   I.   (a) all natural persons (b) who received a letter from Transworld dated between July 10, 2016 and July 10, 2017 (c) to collect a past due debt, (d) in a form materially identical or substantially similar to Exhibit A; and/or

  II. (a) all natural persons (b) who received a letter from Transworld dated between July 10, 2016 and July 10, 2017 to collect a past due debt due to the creditor to whom the debt is owed, (c) in a form materially identical or substantially similar to Exhibit A.

65. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

66. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

67. The predominant common question is whether Defendant's letters violate the FDCPA.

68. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

69. A class action is the superior means of adjudicating this dispute.

70. Individual cases are not economically feasible.

  **WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Transworld in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:  December 20, 2017

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709